**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-62991-BLOOM/Valle**

ALEXANDER JOHNSON,

    Plaintiff,

v.

SPEEDWAY LLC d/b/a
SPEEDWAY 6862,

    Defendant.
_____/

ALEXANDER JOHNSON,

    Plaintiff,

v.

SPEEDWAY LLC d/b/a
SPEEDWAY 6445,

    Defendant.
_____/

**ORDER ON MOTIONS TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Speedway LLC, d/b/a Speedway 6862's ("Defendant") Motion to Dismiss, ECF No. [20], and Defendant Speedway LLC, d/b/a Speedway 6445's Motion to Dismiss in Case No. 18-cv-62998, ECF No. [17] (the "Motions").[1] The Court

---

[1] The Court consolidated Case No. 18-cv-62998 with Case No. 18-cv-62991 because the allegations and the cause of action were the same in both cases. *See* ECF No. [27]. Case No. 18-cv-62998 pertains to Speedway Store #6445 located at 5002 North Dixie Highway, Oakland Park, Florida, 33334. Prior to consolidation, Defendant filed an identical Motion to Dismiss in Case No. 18-cv-62998. ECF No. [17]. There, Plaintiff Alexander Johnson alleges to have visited Speedway 6445 on October 1, 2018 and November 15, 2018.

has reviewed the Motions, all supporting and opposing submissions, and the record in this case, and is otherwise fully advised. For the reasons set forth below, the Court denies the Motions.

## I.     BACKGROUND

This case arises as a result of alleged violations by Defendant Speedway LLC ("Speedway") of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*.,[2] for failure to provide closed captioning in television media features on gas pumps at Speedway 6862 gas station located at 3053 North Ocean Boulevard, Fort Lauderdale, Florida, 33308. *See generally* ECF No. [1] ("Complaint"). In the Complaint, Plaintiff alleges that he is an individual suffering from a qualified disability under the ADA, in that he is hearing impaired and suffers from severe bilateral sensorineural hearing loss. *Id*. ¶ 9. The gasoline station is open to the public and is a place of public accommodation under the ADA. *Id*. ¶ 14. Defendant's gas pumps contain a television feature within each pump that provides entertainment and news, but the televisions do not contain closed captioning, such that Plaintiff cannot comprehend the information displayed. *Id*. ¶¶ 17-18. Plaintiff visited Defendant's gas station on May 7, 2018, July 16, 2018, and November 24, 2018 to purchase gasoline, and intends to return in the future, as the gas station is close to Plaintiff's regular travel destinations. *Id*. ¶¶ 16, 27. As a result, Plaintiff requests injunctive relief.

Defendant seeks dismissal of the Complaint on the basis that Plaintiff lacks standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant also seeks dismissal pursuant to Rule 12(b)(6) arguing that Plaintiff cannot establish that Speedway denied him full and equal enjoyment of the public accommodation as a result of his disability.

---

[2] Plaintiff voluntarily dismissed his claim for violation of the Florida Civil Rights Act (Count II), ECF No. [23].

## II.     LEGAL STANDARD

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "The law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches, and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013)) (alteration adopted; citations omitted). "Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Specifically, "[t]o have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003); *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005) (same).

"'[T]he party invoking federal jurisdiction bears the burden of proving standing.'" *Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola Cty.*, 222 F.3d 874, 878 (11th Cir. 2000)). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*

*v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. ANALYSIS

#### a. Plaintiff has Standing to Seek Injunctive Relief

Defendant mounts a facial attack, contending that Plaintiff lacks standing because he fails to show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the

5

future.  Defendant asserts two argument in support: (1) Plaintiff has not alleged specific plans to return to the subject gasoline station; and (2) Plaintiff alleges only that Defendant's employee was unable to assist the Plaintiff to activate closed captioning, which does not negate the possibility that the television media feature actually possessed closed captioning capabilities or that alternative auxiliary aids were available.  Upon review, Defendant's arguments lack merit.

First, Defendant contends that Plaintiff has not alleged any specific plans to return to Defendant's gas station in the future.  However, a plaintiff's allegation that he or she intends to visit the subject premises in the near future is sufficient to establish standing to seek injunctive relief under the ADA.  *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (holding that plaintiff's allegation that he would take another cruise aboard the defendant's ship in the near future was sufficient to properly plead standing to seek injunctive relief under the ADA) (citing to *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1347-48 (S.D. Fla. June 12, 2017). In the Complaint, Plaintiff asserts that he continues to desire to return to purchase gasoline at Defendant's gas station because it is within proximity to his regular travel destinations. Taken as true, this allegation is sufficient to establish a likelihood of future injury as a result of Defendant's alleged violations.

Second, drawing all reasonable inferences in Plaintiff's favor, he sufficiently alleges that he will encounter a denial of benefits or discrimination when he returns to the Speedway store. Defendant argues that Plaintiff merely alleges that Defendant's employee was unable to assist with activating closed captioning, so the Court could infer that the television media feature actually possessed closed captioning capabilities or that some other alternative auxiliary aids were available.  But the Complaint clearly alleges that Defendant does not "provid[e] closed captioning for its television media features at its Speedway 6862 gas station." ECF No. [1] ¶ 25.  On two

visits to the store, Plaintiff requested closed captioning on the television media feature, but it was not provided.  Plaintiff need not allege more for his claim to survive a motion to dismiss.

### b. Plaintiff States a Plausible Claim for Violation of the ADA

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). In order to state a claim under Title III, a plaintiff must allege: "(1) that [h]e is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied h[im] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of h[is] disability." *Schiavo ex rel Schindler v. Schiavo,* 403 F.3d 1289, 1299 (11th Cir. 2005).

Defendant argues that Plaintiff cannot establish the third element of a claim under Title III. Defendant contends that the television media feature is not a good or service within the meaning of the ADA but is incidental to the provision of goods and services.  Further, even if the television media feature were a good or service provided by Speedway, Plaintiff acknowledges that he was able to effectively communicate with Defendant's employees.  Finally, Defendant argues that Plaintiff fails to allege that Defendant had control over the video feed or control of the streaming video content

First, the plain language of Title III discredits Defendant's argument that the television media feature is ancillary and therefore does not need to be provided to Plaintiff.  Title III requires Defendant to provide "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" available at Speedway stores.  42 U.S.C.A. § 12182(a).  While Defendant's main product may be gasoline, enjoyment of the facilities certainly includes enjoyment of the television media feature.  *See Feldman v. Pro Football, Inc.*, 419 F. App'x 381,

7

391 (4th Cir. 2011) (holding that ADA requires defendants to provide auxiliary aids for the aural content broadcast over a National Football League stadium's public address system in order to provide fans attending games with full and equal enjoyment of defendants' goods, services, facilities, and privileges). Plaintiff alleges that "the television media feature adds to the enjoyment of the public while pumping gas and helps keep [Defendant's] customers informed and entertained." ECF No. [1] ¶ 17. The Court concludes that on the face of the statute, Title III requires Defendant to provide deaf and hard of hearing fans equal access to the television media feature.

Second, the Court is unpersuaded by Defendant's argument that Plaintiff acknowledges that he was able to communicate with Speedway's employees. Defendant relies on *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 831 (11th Cir. 2017) for the proposition that a public accommodation must "provide 'appropriate auxiliary aids and services' … 'where *necessary* to ensure *effective communication*.'" *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 831 (11th Cir. 2017) (emphasis in original) (quoting 28 C.F.R. § 36.303(c)(1)). But Plaintiff's claim is not that he was unable to communicate with Defendant's employees, as the plaintiffs claimed in *Silva*. Rather, Plaintiff alleges that he was denied full and equal provision of goods, services, facilities, privileges, advantages, and accommodations being offered at Defendant's gas station because he was denied the ability to fully comprehend the entertainment and information displayed on the television media feature due to the lack of closed captioning. ECF No. [1] ¶¶ 22-23.

Third, whether or not Defendant has control over the screen's video content on the gas pumps is an issue of fact, which is not suitable for disposition upon a motion to dismiss. In the Complaint, Plaintiff adequately alleges that as a feature of the gas pumps at Defendant's gas stations, Defendant's gas pumps provide video content, which is not accessible to an individual

8

like Plaintiff who has a qualified auditory disability under the ADA. At the pleading stage, nothing more is required.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motions, **ECF No. [17]** in Case No. 18-cv-62998 and **ECF No. [20]**, are **DENIED**.

2. Defendant shall file its Answer to Plaintiff's Complaint on or before **April 12, 2019.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 3, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record